## International Bank

### v.

### Joseph Jones et al.

Evidence—Amount on deposit.—This case is the same in its main features as the case of Richardson v. International Bank, 11 Bradwell, 582, except in the latter case the evidence showed a sufficient deposit to the drawer's credit to pay the check at the time it was presented. Here the burden is upon the plaintiffs to show that at the time of presenting the check the bank had on deposit to the drawer's credit a sufficient sum of money to pay the check; and it is not enough to show that the drawer made adequate deposits on the same day, as they may have been made subsequent to the presentment of the check.

Appeal from the Circuit Court of Cook county; the Hon. Kirk Hawes, Judge, presiding.　Opinion filed January 6, 1885.

Messrs. Rosenthal & Pence, for appellant; as to appropriations of payments where one partner retires, cited Story on Partnership, § 157; 1 Lindley's Law of Partnership, 4th Ed. 426; Collyer's Law of Partnership, 376.

I. K. Boyeson, for appellees.

Bailey, J.　This case, in most of its essential features, is identical with that of Richardson v. The International Bank, 11 Bradwell, 582, and as the facts are quite fully stated in the opinion in that case, it will be unnecessary to repeat them in detail here.　The present suit is brought against the International Bank by Joseph Jones & Sons, to recover the amount of the check mentioned in that case, drawn on the defendant by John D. Oakford in favor of the plaintiffs.

As our conclusions in the Richardson case have been elaborately reviewed by counsel for the defendant here, we have been disposed to give them a careful reconsideration, but after doing so we are still of the opinion that, upon the facts as presented in that record, the decision was correct.

In one respect, however, the present case differs essentially from the Richardson case.　There the evidence showed that

the check in suit was presented on the second day of September, at a time when, if the overdraft of the former firm of John D. Oakford & Co. is not to be taken into account, there was, beyond question, a sufficient amount of money in the bank to the credit of Oakford to pay it. It appears that on the first day of September, Oakford deposited $11,778.58, and that out of that sum the bank, on that day, paid Oakford's checks to the amount of only $4,630.07, leaving a balance of $7,148.51. As no checks were paid after September 1st, there was, of course, a sufficient amount on deposit on the second day of September, to pay the check for $4,830.79, in favor of Richardson.

The check in favor of the plaintiffs was presented for payment September 1st, and we think the fair inference from all the evidence would be, that it was presented at or before two o'clock P. M.   On that day Oakford made four deposits, viz.: for the sums of $600, $1,885.25, $4,522.25 and $4,770.79.   The first two of these deposits were made prior to 11 o'clock A. M. At that hour the check for $4,442.57, in favor of Washington Butcher's Sons was certified, and thereby the account was overdrawn to the amount of $1,957.32.   The precise time at which the two other deposits were made is not shown, and it does not appear whether they were made before or after the presentment by the plaintiffs of the check in their favor.

The burden is on the plaintiffs to show that, at the time their check was presented for payment, the bank had on deposit, to the credit of the drawer, a sufficient sum of money to pay it.   It is not enough to show that the drawer made adequate deposits on the same day, as they may have been made subsequent to the presentment of the check.   The plaintiffs' evidence being defective on this material point, the verdict finding the issues for the plaintiffs is unwarranted, and the judgment must therefore be reversed and the cause remanded.

Some misapprehension seems to exist in the mind of the counsel for the plaintiffs as to the scope and effect of our decision in the Richardson case.   The question there presented was merely whether, as against a holder of Oakford's individual check, the bank had a right to apply Oak-

ford's individual deposit to the satisfaction of the overdraft of the former firm of John D. Oakford & Co., or in other words, whether such overdraft was to be taken into account in determining whether Oakford had, on deposit at the bank, a sufficient sum of money to meet the check in favor of Richardson at the time that check was presented for payment. This question being answered in the negative, we held that the evidence showed a sufficient deposit to Oakford's credit to pay said check at the time it was presented, and that Richardson was therefore entitled to recover the amount of it from the bank.

We did not hold that the evidence established any agreement or arrangement between Oakford and the bank by which Oakfork was to be permitted to make specific deposits to meet specific checks, but merely an arrangement by which he was to be permitted, in effect, to open a new individual account, with an agreement on his part to make sufficient deposits to keep that account good.

Judgment reversed.