## George T. Gilliam v. Merchants' National Bank.

1. BANKS AND BANKING—*Bank's Liability on Checks.*—The liability of a bank on a check only arises on presentation, and although at the time the check was drawn there were funds on deposit sufficient to satisfy it, yet if they were exhausted before its presentation by the payment of checks subsequently drawn, no liability attaches to the bank.

2. SAME—*It is Not the Duty of a Bank to Hold Funds to Meet an Outstanding Check.*—When payment of a check is refused because the drawer has no funds, there is no presumption that the check remains outstanding for payment, and no duty devolves on the bank to reserve from a future deposit, an amount sufficient to satisfy it.

3. SAME—*Bank's Liability on Checks—Proof Required to Establish.* —Before recovery can be had on a check, the evidence must show that when the check was presented there was money in the bank to pay it.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

G. T. GILLIAM, *pro se.*

WINSLOW EVANS, attorney for appellee.

It is no doubt the rule, that where a party drawing a check on a bank has funds on deposit with such bank equal to or greater than the amount of the check, on presentation of the check at the bank for payment by the drawee, while sufficient funds are on deposit, the bank becomes liable to the holder of the check, and if it refuses payment, the holder of such check may maintain suit thereon in his own name against the bank. Munn v. Burch, 25 Ill. 21.

But checks drawn upon a bank not having sufficient

funds of the drawer on deposit for all, are to be paid according to priority of presentment, and not according to priority of date or execution. 2 Daniels on Bills, 16 and 17 A; 2 Morse on Banking, Sec. 450.

"The rule with checks is, 'First come, first served.' If payment is demanded at noon upon a check which the depositor's unincumbered balance at that hour is sufficient to pay in full, the obligation of the bank to pay it in full is at once mature and perfect. It is no matter how many checks may be presented at later hours, nor how much the sum of all the checks presented in the course of the day may exceed the amount of the customer's balance. This is no concern of the bank; not even if it has been informed that such checks have been drawn and will be presented for payment." 2 Morse on Banks, Section 450.

A bank is not bound to promise to receive funds of drawer to pay at any future day or hour. Its only duty is to make immediate payment when demanded if in funds. 2 Morse on Banking, Sec. 453.

"The burden is on the plaintiffs to show that at the time their check was presented for payment, the bank had on deposit to the credit of the drawer, a sufficient sum of money to pay it."

"It is not enough to show that the drawer made adequate deposits on the same day, as they may have been made subsequent to the presentment of the check." International Bank v. Jones et al., 15 Ill. App. 594.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

On December 31, 1896, Singer & Wheeler, a corporation doing business at Peoria, Illinois, drew a check for $118.35 in favor of appellant upon appellee, a bank with which it had been doing business as a corporation. The check was presented for payment on January 2, 1896 which was refused because Singer & Wheeler had no funds in the bank. It was again presented on January 3d, and payment refused for the same reason.

On January 8th a deposit was made of $8,000 which was all paid out on checks and overdrafts except $933.61 which balance was on deposit when Singer & Wheeler made a deed of assignment for the benefit of creditors, June 10, 1896. The deed of assignment was filed for record and the assignee entered upon the discharge of his duties January 11th. On January 15th the check was again presented to the bank and payment refused.

This suit followed, resulting in a verdict and judgment for the bank.

In seeking a reversal of the judgment, appellee urges an application of the rule of law in this State that the delivery of a check upon a bank where the drawer has funds to satisfy it, is an assignment *pro tanto* of the deposit to the payee.

Under that rule, however, the liability of the bank is affected only by a presentation of the check. Although at the time of drawing the check there were funds sufficient to satisfy it, yet if they were exhausted by the payment of checks subsequently drawn and before its presentation no liability would attach to the bank. 2 Morse on Banks, Secs. 450, 453; Coats v. Preston, 105 Ill. 470.

Appellant encounters a most serious obstacle in the fact that when he presented his check on the 2d and 3d days of January there was no deposit to draw against.

It is contended, however, that a presentation on those dates involved a duty upon the bank to reserve from the deposit made upon the 8th of January an amount sufficient to satisfy it. No authority is cited in support of that contention, and we do not think a duty of such character devolved upon the bank. When the payment of a check is refused because the drawer has no funds, no such presumption should obtain as that the check remains outstanding for payment.

The natural course for the payee to pursue in such case would be to take immediate steps against the drawer to make good the dishonored check.

The contention of appellee involves the absurd proposi-

tion that a bank is required to keep a record of all checks refused payment because of lack of funds of the drawer, and then retain from any future deposit an amount sufficient to pay them.

Again, there is no proof in the record that when the check was presented on the 15th of January, there was money in the bank to pay it. Such proof was necessary to a recovery, independent of the fact that an assignment had been made for the benefit of creditors. International Bank v. Jones, 15 Ill. App. 594.

According to the rule announced by the Supreme Court of the United States in the case of Laclede Bank v. Schuler, 120 U. S. 591, appellee was not entitled to have his check paid out of the balance of $933.61 when presented for payment on January 15th, because four days before that time the assignee had qualified and was entitled to the fund.

We do not base our judgment upon that rule, however, but affirm for the other reasons set forth in this opinion. Judgment affirmed.